Dear Representative Morgan:
This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
 Temporary employees of the House of Representatives receive additional compensation based upon their prior years of service during legislative sessions under 74 O.S. 2001, § 292.2a[74-292.2a]. Other state employees receive lump-sum longevity payments in addition to their regular compensation upon satisfying certain criteria under 74 O.S. Supp.2006, § 840-2.18. Are the temporary employees of the House of Representatives also entitled to lump-sum longevity payments under 74 O.S. Supp.2006, § 840-2.18?
The House of Representatives routinely hires temporary employees to work several months each year during legislative sessions; they are paid additional compensation for their prior experience with the Legislature.
 A. The House of Representatives, during each regular or special session, shall provide by simple resolution for the employment of its temporary employees.
 B. The temporary employees of the House of Representatives shall receive additional compensation
at the rate of Twelve
 Dollars and fifty cents ($12.50) per month for each year of prior legislative experience, not to exceed a total additional compensation of Two Hundred Dollars ($200.00) per month. Such employees shall be credited with one (1) year of prior experience for each legislative session in which the employee was employed by the State House of Representatives or the State Senate.
74 O.S. 2001, § 292.2a[74-292.2a] (emphasis added).
"Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S. 2001, § 1[25-1]. The ordinary meaning of "longevity pay" is "additional wages or other compensation given on the basis of length of service." See
WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1333 (3d ed. 1993). Therefore, the payment of $12.50 per month for each year of prior legislative experience as additional compensation to a House of Representatives temporary employee is a type of longevity pay.
Unless otherwise exempt, most state employees become eligible for annual lump-sum longevity payments after completing two years of continuous service pursuant to 74 O.S. Supp.2006, § 840-2.18, which in pertinent part states:
A. A longevity pay plan is hereby adopted. This plan applies to all state classified, unclassified, and exempt employees, excluding members of boards and commissions. . . .
. . . .
C. To be eligible for longevity pay, employees must have beencontinuously employed in the classified or unclassified service of thestate for a minimum of two (2) years in full-time status or in part-timestatus working more than one thousand (1,000) hours a year.
 For purposes of this section, a break in service of thirty (30)calendar days or less shall not be considered an interruption ofcontinuous service; a break in service of more than thirty (30) calendardays shall mark an end to continuous service.
 Id. (emphasis added). However, subsection (C) continues with specificlanguage as to:
 The legislative session employees who have worked for two (2) years or more in part-time status and are eligible for state retirement benefits,[1] but do not receive other longevitypayments, shall be eligible and shall be considered to have been continuously employed for purposes of calculating longevity payments, notwithstanding the provisions of subsection E of this section [as to part time employment].
Id. (emphasis added) (footnote added).
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). "[A] statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded." AMF Tubescope Co. v. Hatchel, 547 P.2d 374, 379 (Okla. 1976). The Legislature has excluded some employee groups from lump-sum longevity payments and provided alternative methods of payment for others. For example, pursuant to Section 840-2.18(J), employees who work for the judicial branch of state government or employees who work for the Oklahoma Department of Career and Technology Education are not eligible for the Section 840-2.18 longevity pay. Also, the Oklahoma Conservation Commission is authorized by Section 840-2.18(B) to establish a separate but similar longevity plan for its employees.
Section 840-2.18 and Section 292.2a of Title 74 both provide for eligible employees to receive additional compensation based upon the length of their prior service. Although the frequency and amount of the payments differ, both provisions are statutory longevity plans. Considering the Legislature's approach to longevity payments in situations involving other agencies, we conclude that the "additional compensation" provided for in 74 O.S. 2001, § 292.2a[74-292.2a] must be considered "other longevity payments" as contemplated in 74 O.S. Supp.2006, § 840-2.18(C). Thus, the provisions of Section 840-2.18(C), quoted above, do not apply to temporary House of Representatives' employees who are already receiving extra pay based on longevity. Otherwise, these temporary employees might receive two longevity payments, an absurd result which we do not believe the Legislature intended. See McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998). Because temporary legislative-session employees of the House of Representatives receive additional compensation of $12.50 per month for each year of prior legislative experience under 74 O.S. 2001, § 292.2a[74-292.2a], they are not eligible for, and are precluded from receiving, lump-sum longevity payments by the terms of 74 O.S. Supp.2006, § 840-2.18(C).
It is, therefore, the official Opinion of the Attorney Generalthat:
 Temporary, legislative-session employees of the House ofRepresentatives receive additional compensation at the rate of $12.50 permonth for each year of prior legislative experience under 74 O.S. 2001,§ 292.2a[74-292.2a]; therefore, they are not eligible for, and areprecluded from receiving, lump-sum longevity payments by the terms of 74O.S. Supp.2006, § 840-2.18(C).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] See 74 O.S. Supp.2006, § 902(14)(e), which defines "employee" eligible for state retirement payments to include:
 Any employee employed by the Legislative Service Bureau, State Senate or House of Representatives for the full duration of a regular legislative session shall be eligible for membership in the System regardless of classification as a temporary employee and may participate in the System during the regular legislative session at the option of the employee. For purposes of this subparagraph, the determination of whether an employee is employed for the full duration of a regular legislative session shall be made by the Legislative Service Bureau if such employee is employed by the Legislative Service Bureau, the State Senate if such employee is employed by the State Senate, or by the House of Representatives if such employee is employed by the House of Representatives. Each regular legislative session during which the legislative employee or an employee of the Legislative Service Bureau participates full time shall be counted as six (6) months of full-time participating service.
Id.